JW-Cum - 3/3/2011

<u>Northport Business Park Condominium Association v. Northport Upham LLC</u>, RE-10-165 (Superior Ct. Cumberland)

Before the court are two motions: a motion by plaintiff Association for summary judgment and a motion by defendant Northport Upham to stay this action to await binding arbitration. The motion to stay, if granted, will moot the motion for summary judgment and should be considered first.

On a motion to stay pending arbitration, the first issue is whether the dispute in question is subject to an agreement to arbitrate. The arbitration clause in this case calls for mandatory arbitration of any dispute between the Association and any Unit owner "arising out of or relating to the Condominium [or] the Condominium Documents . . . ." Condominium Declaration ¶ 18.3.1. The dispute in this case arises out of Northport Upham's failure to pay assessments that the Association contends were required by the Condominium Declaration. This is an arbitrable dispute that arises out of or relates to the Condominium Documents. <u>See id.</u> ¶¶ 7.2.1.1, 7.2.2, 19.9, 19.12.

The association points out that the Condominium Declaration, in addition to containing a mandatory arbitration clause, also expressly provides that a lien for assessments may be enforced through a foreclosure action. <u>Id.</u> ¶ 7.2.3. Although judicial foreclosure is therefore an available remedy, there is no language suggesting that the underlying dispute is removed from mandatory arbitration. <u>See</u> <u>Champagne v. Victory Homes Inc.</u>, 2006 ME 58 ¶ 10 n.5, 897 A.2d 803, 806 n.5 (ambiguities in arbitration clause are construed against the draftsman). The way to reconcile the provision authorizing a judicial foreclosure remedy with a mandatory arbitration clause is to allow the Association to foreclose its lien for assessments and other charges if its claim is upheld in arbitration.

The Association also argues that Northport Upham has waived its right to seek arbitration. While doubts are to be resolved in favor of arbitration and waiver is not to be lightly inferred, <u>Saga Communications of New England Inc. v. Voornas</u>, 2000 ME 156 ¶ 11, 756 A.2d 954, 959, waiver may be found when the party seeking arbitration has undertaken a course of action that is inconsistent with its present reliance on a contractual right to arbitrate. <u>Id.</u> ¶ 12.

This lawsuit was commenced on April 22, 2010. Northport Upham answered on May 21, 2010 without raising an argument that the claim should be arbitrated. Thereafter both parties undertook discovery but there was no litigation of any substantial issues on the merits until the Association filed its motion for summary judgment on November 9, 2010.

On or about November 23, 2010 Northport sent a letter containing a demand for arbitration. On November 24, 2010 Northport Upham filed its motion to stay pending arbitration. Thereafter Northport Upham filed opposition papers to the Association's motion for summary judgment on November 29, 2010 and in those papers again raised the argument that the dispute was subject to mandatory arbitration.

A review of the <u>Saga Communications</u> case and the cases cited in that opinion demonstrates that implied waivers of arbitration are found when (1) before seeking

arbitration, the party requesting arbitration has filed a motion for summary judgment or has otherwise litigated the court case on the merits or (2) when there has been an inordinate delay in requesting arbitration and the opposing party has been prejudiced thereby or (3) when the party requesting arbitration was the party who initiated the lawsuit and has not limited its request to provisional remedies not available in arbitration. See, e.g., 2000 ME 156 ¶¶ 9, 12-13, 16-17; Doctor's Associates Inc. v. Distajo, 107 F.3d 126, 131-32, 134 (2d Cir. 1997); Kramer v. Hammond, 943 F.2d 176, 179-80 (2d Cir. 1991).

In this case there was a six month delay between the date that Northport Upham filed its answer and its first request for arbitration. While this demonstrates that Northport Upham was dilatory in seeking arbitration, the cases cited above do not suggest that this delay alone is sufficient to constitute a waiver. Most significantly, Northport Upham did not initiate the lawsuit and did not engage in any litigation on the merits before it sought arbitration. The Association was the first to engage in any litigation on the merits when it filed its motion for summary judgment, and Northport Upham requested arbitration before it responded to that motion.

Northport Upham's request for arbitration was made three and 1/2 months before the discovery deadline and approximately five and ½ months before the case would first have appeared on a trial list. The Association has not demonstrated sufficient prejudice from the delay to overcome the policy favoring arbitration. See Saga Communications, 2000 ME 156 ¶ 17, 756 A.2d at 961 (delay alone and expense that would have been incurred in arbitration are not enough to support a finding of prejudice).[1]

Accordingly, the court concludes that Northport Upham has not waived its right to resort to mandatory arbitration and will therefore stay this action pending the outcome of arbitration. If the Association's claims are upheld in arbitration, the Association will be entitled to enforce its lien by resuming its judicial foreclosure action.

The entry shall be:

Defendant Northport Upham's motion to stay this action pending arbitration is granted. The court therefore does not reach plaintiff's motion for summary judgment. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March _3_, 2011

_____
Thomas D. Warren
Justice, Superior Court

---

[1] In a case cited by the Law Court in Saga Communications, the Second Circuit ruled that parties who have engaged in discovery and will be able to use the results of that discovery in arbitration have not been prejudiced. Sweater Bee by Banff Ltd v. Manhattan Industries Inc., 754 F.2d 457, 464 (2d Cir. 1985).

2

SIDNEY THAXTER ESQ
SUSAN SCHORR ESQ
CURTIS THAXTER STEVENS BRODER & MICOLEAU
PO BOX 7320
PORTLAND ME 04112

DANIEL NUZZI ESQ
ANNE TORREGROSSA ESQ
BRANN & ISAACSON
PO BOX 3070
LEWISTON ME 04243-3070